UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN SINGLETON,

    Plaintiff,

Case No. 12-13748

v.

Hon. John Corbett O'Meara

MICHIGAN PAROLE BOARD, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the court is Defendants' motion to dismiss, filed November 30, 2012. Plaintiff filed a response on January 2, 2013. The court did not hear oral argument. For the reasons explained below, Defendants' motion is granted.

**BACKGROUND FACTS**

On August 23, 2012, Plaintiff Justin Singleton filed a federal action for a writ of mandamus under 28 U.S.C. § 1651. This action was brought against Defendants, the Michigan Parole Board ("Parole Board"), Calhoun County Prosecutor Susan Mladenoff, and Michigan Attorney General Bill Schuette. Plaintiff alleges that the Parole Board failed to comply with certain parole procedures and seeks a writ of mandamus requiring compliance with various Michigan statutes and rules.

On February 25, 2009, Plaintiff was convicted of assault with intent to do great bodily harm, in violation of M.C.L. § 750.84. Pl.'s Ex. 1. On December 15, 2010, Plaintiff became

eligible for parole and claims he received a "high" probability rating for potential parole. However, the Parole Board issued a twelve-month continuance because a risk remained to public safety and departure from the guidelines was warranted. The Board reasoned that while Plaintiff had previously completed assaultive offender training ("AOT") and received parole in relation to a prior assaultive crime, he later began abusing his wife to such an extent it "border[ed] on torture." Plaintiff was required to retake AOT with a commitment to change. Pl.'s Ex. 4. The Parole Board also made three recommendations to Plaintiff: (1) demonstrate responsible behavior by earning positive reports in all involved programs; (2) enter into or continue substance abuse programming; and (3) continue involvement in group therapy. The Parole Board's notice of decision explicitly states that completion of these recommendations does not guarantee "positive action." Id. Plaintiff claims that he complied with all three recommendations as directed by the Parole Board.

On January 3, 2012, Plaintiff again became eligible for parole. Pl.'s Ex. 6. On March 1, 2012, Plaintiff received an eighteen-month continuance of his sentence. The Parole Board stated a guideline departure was warranted so Plaintiff could complete programming to provide "cognitive tools." The Board further noted Plaintiff's history of "probation failure" and substance abuse. The Board gave three additional recommendations to Plaintiff: (1) demonstrate responsible behavior by earning positive reports in all involved programs; (2) demonstrate responsible behavior by avoiding situations which result in misconduct citations; and (3) demonstrate leadership qualifies by participating in department sanctioned activities. Again, the decision explicitly states that completion of these recommendations does not guarantee a positive action on the part of the Board. Pl.'s Ex. 7. Plaintiff alleges the Parole Board incorrectly scored

the active sentence variables in this report because it stated that the crime at issue involved more than two victims. Plaintiff contends the only victim was his wife. Pl.'s Petition at 1.

## LAW AND ANALYSIS

### I. Motion to Dismiss Standard

To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

### II. Federal Question Jurisdiction

Federal courts are of limited jurisdiction. Chase Bank USA, N.A. v. City of Cleveland, 695 F.3d 548, 553 (6th Cir. 2012). Jurisdiction may be based on federal question or diversity of citizenship. 28 U.S.C. §§ 1331-32. There is no diversity of citizenship in this case; therefore, the issue is whether Plaintiff's complaint presents a federal question.

Federal question jurisdiction can be established by: (1) showing that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Wartham v. Genoa Township Bd. of Trustees, 549 F.3d 1055, 1061 (6th Cir. 2008). Plaintiff essentially alleges that his right to parole was denied in violation of the due process clause of the Fourteenth Amendment. This clause prohibits the government from depriving a person of "life, liberty, or property" without due process of law.

U.S. CONST. amend. XIV, § 1.  However, the "right to parole (*i.e.,* the interest at issue here) cannot be classified as any conceivable type of property . . . to implicate . . . due process protection."  Foster-Bey v. Rubitschun, 2005 U.S. Dist. LEXIS 40869 (E.D. Mich. 2005).  Further, the Sixth Circuit has ruled that prisoners in Michigan "lack a constitutionally protected liberty interest in parole."  Foster v. Booker, 595 F.3d 353, 368 (6th Cir. 2010).

Plaintiff challenges specific decisions made during the parole process.  He claims that the Parole Board failed to provide a written explanation and substantial and compelling reasons for departing from the guidelines.  Furthermore, he alleges the reasons articulated by the Parole Board are insufficient to inform Plaintiff of its rationale for his decision.  Even when viewing the record in the light most favorable to Plaintiff, the allegations do not present a federal question.  Plaintiff has no constitutionally protected liberty interest in parole that would raise a federal cause of action.  Without a basis for federal jurisdiction, this court is precluded from granting a writ of mandamus in this case.  See 28 U.S.C. § 1651 (All Writs Act); Clinton v. Goldsmith, 526 U.S. 529, 534-35 (1999) (All Writs Act does not "enlarge" federal court jurisdiction, but permits court to issue a writ of mandamus "in aid of its existing statutory jurisdiction.").  Therefore, Defendants' motion to dismiss is granted.

## ORDER

IT IS HEREBY ORDERED that Defendants' November 30, 2012 motion to dismiss is GRANTED.


Date: April 19, 2013                                    s/John Corbett O'Meara
                                                        United States District Judge

I hereby certify that on April 19, 2013 a copy of this opinion and order was served upon the parties of record using the ECF system and/or by first-class U.S. mail.

<u>s/William Barkholz</u>
Case Manager